Steven R. Hardman
3434 E. Kenwood St.
Mesa, AZ 85213

Phone Number 480-832-0470
In Propria Persona

```
___FILED       ___LODGED
___RECEIVED    ___COPY

     JAN 2 2 2010

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____P DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Deutsche Bank Trust Company Americas, as Trustee, its successors and/or assigns <br><br> Plaintiff, <br> V. <br><br> Steven R. Hardman and Does I Through X, inclusive <br><br> Defendant(s) | Case No.   CV-10-132-PHX-LOA <br><br> NOTICE OF REMOVAL |

### JURISDICTION

Jurisdiction is properly vested in the Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(b), 28 USC § 1442.

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

*Page 1 of 5 NOTICE OF REMOVAL*

PLEASE TAKE NOTICE that, Defendant, Steven R. Hardman, hereby removes to this Court the state court action, for just and proper cause as described below.

1. On May 1, 2009, plaintiff, Deutsche Bank Trust Company Americas as Trustee, commenced an action against Defendant in the Superior Court of Arizona, in and for the County of Maricopa, docketed as CV2009-014171. Attached is a true and correct copy of plaintiff's complaint with summons, marked as Exhibit "A".

2. Defendant was subsequently served with the summons and complaint on or about May 5, 2009. Attached is a true and correct copy of defendant's Response to forcible detainer/residential

3. Plaintiff's action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and, is one which may be removed to this Court by the defendant, pursuant to the provisions of 28 U.S.C. § 1441(b).

4. Defendant's Notice of Removal is timely filed, as defined under Title 28 § 1446(b).

5. The amount in controversy well exceeds seventy-five thousand dollars.

6. The plaintiff is not a Corporation existing under the laws of the state of Arizona nor under the laws of the state of New York.

7. Defendant has at no time waived any constitutionally-secured rights, including but not limited to the right to receive notice, the right to a hearing, the right to a trial by jury, the right to due process of law, or any other right.

8. Plaintiff's action is based upon a cognitive clause in an adhesion contract of which defendant had no notice and no knowledge, nor did defendant willingly, knowingly, or intentionally waive any due process rights with respect to the aforesaid cognitive clause, or any other clause.

9. Plaintiff's action is based upon a confession of judgment clause of which defendant had no notice or knowledge. Nor did defendant knowingly or understandingly consent to the authorization to confess judgment, without which consent the United States Supreme Court and the great majority of State Supreme Court have ruled the use of the cognitive, (confession of judgment) procedure unconstitutional.

10. Plaintiff's action is based upon defendant having placed his home in an irrevocable trust, to which defendant never agreed, in violation of defendant's constitutionally secured right to full disclosure and due process of law.

11. Plaintiff's action is based upon the concept of "seizing" whereby defendant allegedly gave his home away free, without consideration, to the Plaintiff, through concealment and deception by the Plaintiff, without any awareness or knowledge on the part of the defendant, all in violation of the defendant's constitutionally secured right to full disclosure, honest dealing, and due process of law.

12. The aforesaid actions of the Plaintiff were all in violation of the constitutionally secured rights of the defendant.

13. There exist no other defendants in this action requiring concurrence with and/or joining in defendant's notice.

14. The aforesaid contract is not only a contract of adhesion but its terms and conditions are procedurally and substantially unconscionable and should be voided.

15. All of the pleadings filed herein are attached as exhibits.

WHEREFORE, Defendant Steven R. Hardman respectfully prays that this action be removed forthwith, to the United States District Court for the District of Arizona.


Respectfully submitted January 22th, 2010

_____
Steven R. Hardman

Original of the foregoing was filed this
22th day of January, 2010 with

Clerk of Court
Maricopa County Superior Court
201 W. Jefferson
Phoenix, AZ 85003

Copies of the foregoing hand-delivered
this 22th day of January, 2010, to

Douglas A. Toleno, Esq.
Pite Duncan, LLP
4375 Jutland Dr., Suite 200, P.O. Box 17934
San Diego, CA 92177-0934

Charles L. Firestein, Esq.
1300 E. Missouri Ave., Suite D.200
Phoenix, AZ 85014
Attorneys for Deutsche Bank
Trust Company Americas as Trustee

_____
Steven R. Hardman